IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHNATHAN D. WISHNESKI,

Plaintiff,

v.                                                                                  No. 12-cv-00540-JCH-CG

DR. JOSE ANDRADE and
LIEUTENANT BUCKALOO,

Defendants.

### ORDER DENYING MOTION FOR SCHEDULING ORDER

**THIS MATTER** comes before the Court on *Plaintiff's Motion for Scheduling Conference in Accordance with Rule 16 of F.R.C.P.*, (Doc. 19), *Defendant "Lieutenant Buckaloo's" Response in Opposition to "Plaintiff's Motion for Scheduling Conference in Accordance with Rule 16 of F.R.C.P.*, (Doc. 20), and *Defendant Dr. Andrade's Response to "Plaintiff's Motion for Scheduling Conference in Accordance with Rule 16 of F.R.C.P.*, (Doc. 21). Plaintiff requests that the Court set a scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure so that the parties might begin discovery in this case. (Doc. 19). Both Defendants oppose the motion on the grounds that, under the Local Rules of Civil Procedure, cases brought by an incarcerated prisoner under 42 U.S.C. § 1983 are excluded from the usual pretrial management and discovery deadlines. (Doc. 19 at 1; Doc. 20 at 2). The Court, having considered the parties' filings, the relevant law, and otherwise being fully advised in the premises, finds that Plaintiff's motion is not well-taken and will be **DENIED**.

Defendant Andrade removed this case from the Fifth Judicial District Court for the State of New Mexico on May 18, 2012. Prior to removal, the State District Court had

entered a discovery scheduling order. (*See*, Doc. 2 at 48-50). Following the removal, Defendant Andrade moved to vacate the District Court's scheduling order. (Doc. 6 at 1-2). The Court granted Defendant Andrade's motion, noting that ,

> Civil cases brought by an incarcerated prisoner under 42 U.S.C. § 1983 are excluded from the usual pretrial management and discovery deadlines. *See* D.N.M.LR-Civ. 16.3(d). Rather than order discovery, the more common procedure in § 1983 cases is for the Court to order the production of a comprehensive *Martinez* report to help establish the legal and factual nature of Plaintiff's claims. *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991) (Stating that the purpose of a *Martinez* report is to "develop a record sufficient to ascertain whether there are any factual or legal bases for the prisoner's claims.").

(Doc. 11 at 1-2). The Court's reasoning for vacating the District Court's scheduling order has not changed and Plaintiff's instant motion presents no legal authority why the Court should reverse its position. The preparation and submission of *Martinez Reports* remains the preferred method for discovering the factual background in prisoner cases in this District. The Court will order a comprehensive *Martinez Report* once Plaintiff's pending motions objecting to Defendant Andrade's removal, (Doc. 13; Doc. 15), and this Court's *Proposed Findings and Recommended Disposition*, (Doc. 23), have been resolved.

**IT IS THEREFORE ORDERED THAT** *Plaintiff's Motion for Scheduling Conference in Accordance with Rule 16 of F.R.C.P.*, (Doc. 19), be **DENIED**.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE