IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHNATHAN D. WISHNESKI,

Plaintiff,

v.  No. 12-cv-00540-JCH-CG

DR. JOSE ANDRADE and
LIEUTENANT BUCKALOO,

Defendants.

### ORDER DENYING MOTION TO REMAND

**THIS MATTER** comes before the Court on Defendant Dr. Jose Andrade's *Notice of Removal*, (Doc. 1), and *Plaintiff's Objections to Removal, Motion to Sever, Motion for Remand, and Motion Requesting Oral Argument if Necessary*, (Doc. 13), which the Court construes as a motion to remand this action to state court. Plaintiff objects to Dr. Andrade's notice of removal and contends that it is untimely. (*Id*. at 1-3). Dr. Andrade responded to Plaintiff's motion but did not address the claim that his notice of removal was improper. (*See* Doc. 17 at 1-2; Doc. 18 at 1-2). The Court, having considered Plaintiff's motion, the relevant law, and otherwise being fully advised in the premises, **FINDS** that it is not well-taken and will be **DENIED**.

I.  **Procedural Background**

Plaintiff Johnathan D. Wishneski filed suit against Defendants Dr. Jose Andrade and Lieutenant Brittni Buckelew in the Fifth Judicial District Court of New Mexico on October 13, 2011. (Doc. 1-2 at 1).[1] Plaintiff is a prisoner at the Lea County Correctional Facility and

---

[1] Although listed as "Lieutenant Buckaloo" in Plaintiff's complaint, Defendant advises the Court that her last name is properly spelled "Buckelew." (Doc. 2 at 82).

both Defendants are employed at that facility. (Doc. 1-2 at 1-3). Plaintiff asserted that both Defendants had denied him access to adequate medical care while incarcerated. (*See, generally*, Doc. 1-2).

Summonses were prepared for Dr. Andrade and Lt. Buckelew on November 9, 2011. (Doc. 2 at 5-8). The state court record contains "Return [of Service]" forms indicating that both Defendants were served with a copy of the summons and complaint by a deputy sheriff on November 29, 2011. (*Id.* at 13-22). The returns do not contain a signature by either Defendant indicating that they accepted service. (*Id.*).

Lt. Buckelew entered her appearance in state court on December 21, 2011, and filed an answer to Plaintiff's complaint. (*Id.* at 23). Dr. Andrade did not enter an appearance and the Clerk of the Court filed a "Certificate as to the State of the Record of Non-Appearance." (*Id.* at 32). Plaintiff then filed a motion for default judgment against Dr. Andrade. (*Id.* at 33-34).

Dr. Andrade entered an appearance in the case on April 23, 2012. (*Id.* at 56). He filed a response to Plaintiff's motion for default, stating that he was never served with a copy of the complaint in November of 2011. (*Id.* at 69). He explained that he only entered his appearance once he "became aware of the complaint and Plaintiff's efforts to obtain a default judgment." (*Id.*).

Dr. Andrade removed the case to the United States District Court for the District of New Mexico on May 18, 2012, twenty-six days after entering his appearance in state court. (Doc. 1). In his notice of removal he again stated that he had not been served with the summons and complaint until April 23, 2012. (*Id.* at 1). He appended an affidavit stating,

In November of 2011, I was a licensed medical doctor practicing medicine at the Lea

> County Correctional Facility . . . The practice I observed at the Lea County Correctional Facility was that persons who served summons and complaints on medical professionals entered the Lea County Correctional Facility. The person serving the summons and complaint was taken to meet the medical professional being served and obtained the medical professional's signature in recognition of service. Prior to April 23, 2012, I had no knowledge that Mr. Wishneski had filed the following lawsuit against me . . . I was never personally served with the Summons and Complaint . . . I accepted service of the Summons and Complaint through my attorneys.

(Doc. 1-1 at 1). Defendant Buckelew consented to Dr. Andrade's removal of the case. (Doc. 1-3 at 1).

Plaintiff objected to Dr. Andrade's removal, contending that the late answer and removal is merely "a ploy by [Dr. Adrade] to gain time that was lost because of [his] failure to respond in a timely fashion to the service of the original complaint in Dec[ember] of 2011." (Doc. 13 at 2). He further argues that, even if Defendant Andrade's removal is proper, the Court should not permit Defendant Buckelew to join the removal because her deadline to remove the case has long since passed. (*Id.*).

## II. Removal of State Cases to Federal Court

A defendant may remove a state civil action "to the district court of the United States for the district and division embracing the place where such action is pending" if the federal district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). A notice of removal must be filed within "thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). Moreover, although § 1446 contemplates removal by a single defendant, courts have long held that all defendants must join a removal petition or the removal will be defective. See *Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir.1981); See also 14C C.

Wright & A. Miller, Federal Practice and Procedure § 3731, at 258 (1998) ("[T]his judicial insistence on the participation of all of the defendants in the notice of removal ... has been required by courts at all levels of the federal judiciary.")

"Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir.1982) (citations omitted). The removing party bears the burden of showing that removal was properly effectuated. *McShares, Inc. v. Barry*, 979 F.Supp. 1338, 1342 (D.Kan.1997).

**III.     Analysis**

The critical question in determining whether Dr. Andrade's removal was proper is whether the thirty-day removal clock began to run when the first defendant - Lt. Buckelew - was served or whether it began to run anew when Dr. Andrade accepted the summons and complaint in April of 2012. Federal courts had long been divided on the question of whether § 1446(b) contemplates only one thirty-day removal period following service on the first defendant or whether every defendant who is subsequently served retains the right to remove within thirty days of service.

Over the past decade, the emerging consensus in the federal courts is that every defendant is entitled to remove the case within thirty days of being served, regardless of whether other defendants have already been served or whether they had been litigating in state court. *See, e.g.*, *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011); *Delalla v. Hanover Ins.*, 660 F.3d 180, 185-89 (3d Cir. 2011); *Bailey v. Jansenn Pharm. Inc.*, 536 1202, 1205-08 (11th Cir. 2008); *Marano Enters. of Kan. v. Z-Teca Rests., L.P.*, 254 F.3d 753, 755-57 (8th Cir. 2001); *Brierly v. Alusuisee Flexible Packaging, Inc.*, 184 F.3d 527, 533 (6th Cir. 1999). In December of 2011, Congress amended 28 U.S.C. § 1446(b) to

codify this interpretation of the statute. See Pub.L. No. 112–63, § 103(b)(3)(B), 125 Stat. 760, 762 (2011). Congress added two new paragraphs to the statute, which state,

> Each defendant shall have 30 days after receipt by service on that defendant of the initial pleading or summons . . . [i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.

28 U.S.C. § 1446(b)(2)(B)-(C).

The Court is therefore compelled to find that Dr. Andrade's removal was proper. As reflected in his affidavit, he was not served with a copy of the summons and complaint until April 23, 2012. (Doc. 1-1 at 1). He removed to federal court on May 18, 2012, less than thirty days after he accepted service. He obtained the consent of Lt. Buckelew, thereby complying with the rule that all defendants join in the removal. (Doc. 1-3 at 1). 28 U.S.C. § 1446(b) requires no more.

**IT IS THEREFORE ORDERED** that *Plaintiff's Objections to Removal Motion to Sever, Motion for Remand, and Motion Requesting Oral Argument if Necessary*, (Doc. 13, which the Court construes as a motion to remand, be **DENIED**.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE