**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JOHNATHAN D. WISHNESKI,

      Plaintiff,

v.                                                               No. 12-cv-00540-JCH-CG

DR. JOSE ANDRADE,

      Defendants.

## ORDER FOR MARTINEZ REPORT

**THIS MATTER** comes before the Court on *Plaintiff's Motion for Court to Order Martinez Reports*, (Doc. 34), filed November 29, 2012. Plaintiff is an inmate who is incarcerated at Lea County Correctional Facility ("LCCF") in Hobbs, New Mexico. (Doc. 1-2 at 1). He claims that Dr. Jose Andrade, a physician practicing medicine at LCCF, was deliberately indifferent to his serious medical needs and denied him his "right to due process of law, in violation of the laws of the State of New Mexico, the New Mexico Constitution, and the Constitution of the United States." (Doc. 1-2 at 4-5). Plaintiff also claims that Defendant "knowingly and intentionally inflict[ed] needless pain, suffering, and emotional distress" upon Plaintiff. (Doc. 1-2 at 5-6). Finally, Plaintiff alleges that Defendant conspired to deny Plaintiff his right to due process of law. (Doc. 1-2 at 5). Plaintiff seeks compensatory and punitive damages.

Defendant filed a *Motion for Summary Judgment* on November 28, 2012. (Doc. 33). Attached to this motion were several exhibits, including affidavits, some of Plaintiff's medical records, and inmate grievances. Defendant claims that the facts refute Plaintiff's allegations and asks the Court to dismiss all of Plaintiff's claims. (Doc. 33 at 11, 19).

The purpose of a *Martinez* Report is to "develop a record sufficient to ascertain whether there are any factual or legal bases for the prisoner's claims." *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th. Cir. 1991) (citing *Martinez v. Aaron*, 570 F.2d 317, 318-19 (10th Cir. 1978)). This Court may order a defendant to investigate the incident or incidents underlying a lawsuit and to submit a report in order to develop a factual or legal basis for determining whether Plaintiff has a meritorious claim. *See, e.g.*, *Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987). A *Martinez* Report may be used in a variety of contexts, including motions for summary judgment or a *sua ponte* entry of summary judgment. When a *Martinez* Report is used for summary judgment purposes, the *pro se* Plaintiff must be afforded an opportunity to present conflicting evidence to controvert the facts set out in the report. *Hall*, 935 F.2d at 1109.

Wherefore, to assist the Court in evaluating Plaintiff's claims in this matter,

**IT IS HEREBY ORDERED**:

    1.    Defendant shall prepare a *Martinez* Report addressing the claims raised in Plaintiff's *Complaint* (Doc. 1-2) by:

        a.    Setting forth the facts needed to resolve the claims including, but not limited to: the names of any persons who dealt directly with Plaintiff with regard to the medical treatment that is the subject of his complaint, or who witnessed or made decisions with regard to such treatment; whether any records or documents exist pertaining to such treatment and, if so, a description of those records and documents and their contents; and whether any contracts, policies, procedures, protocols, laws, or regulations address such medical treatment and, if so, a description of those contracts, policies, procedures, protocols, laws, or regulations and their contents.

        b.    Providing copies of all records and documents pertaining to the medical treatment or matters referred to in the foregoing sub-paragraph a. Such records shall include, but are not limited to,

> Plaintiff's medical records during the period of his incarceration at LCCF.
>
> c. Providing copies of all records and documents pertaining to any interactions between Defendant and Lt. Brittni Buckelew regarding Plaintiff's medical treatment;
>
> d. Providing affidavits in support of the report, if necessary; and
>
> e. Providing a copy of the administrative grievance procedure for inmate complaints about medical treatment that was in effect at LCCF during the relevant time period in Plaintiff's Complaint and copies of all records and documents pertaining to Plaintiff's exhaustion of prison administrative remedies with respect to his claims.

2. The records and documents submitted with the report may be submitted simultaneously with the report, but the submission of documents alone, or documents submitted with an index but without an accompanying report, shall not be considered in compliance with this Order.

3. The Court is aware of the potential sensitivity of the materials that may be contained in corrections files and that there may be valid reasons for keeping confidential some of the contents of such files. Therefore, Defendant may redact confidential portions of the report, or any records submitted with the report, provided that he also file a memorandum setting forth any objections he might have to Plaintiff being permitted to review the redacted portions of the report, records, or documents. If Defendant does not submit such a memorandum, Plaintiff shall be permitted to review the contents of the report and the records and documents submitted with the report. Defendant's memorandum, if any, shall be served on the Plaintiff, who shall have fourteen days after the date of service of the memorandum to file and serve a response to the memorandum. The Court will review the Defendant's memorandum, if any, and any responses filed by Plaintiff, to determine whether the redacted portions of the report, records, or documents should be disclosed to Plaintiff. If necessary, the Court will review the redacted portions of the report, records, or documents in camera before making its determination.

4. All records and documents submitted with the report must be submitted with an index. The index must identify each record and document submitted by number, and each record and document must be marked with a tab or label showing its number. Additionally, the report and each

  record and document submitted with the report must have its pages numbered using Bates stamps, or a similar numbering system.

5.  A complete copy of the report must be filed on the case docket and served on Plaintiff.

6.  Defendant shall file the *Martinez* report on or before January 4, 2013.

7.  Plaintiff shall file and serve his response to the *Martinez* report on or before January 25, 2013.

8.  Defendant shall file and serve his reply, if any, to Plaintiff's responses on or before February 11, 2013.

The Court recognizes that Defendant has filed a motion for summary judgment and that the attached exhibits include many of the documents that will be produced in response to this Order. However, to ensure that the Court has a complete record upon which it can evaluate Plaintiff's claims, the Court issues this Order. To avoid confusion and duplicative motions and responses, *Defendant Dr. Andrade's Motion for Summary Judgment*, (Doc. 33) and *Defendant Jose Andrade M.D.'s Motion to Exceed Page Limit*, (Doc. 35), are terminated without prejudice; if appropriate, Defendant may file another motion for summary judgment based on the entire record as developed by the *Martinez* Report.

Because the *Martinez* Report may be used in deciding whether to grant summary judgment, either by motion or *sua sponte*, the parties are urged to submit whatever materials they consider relevant to Plaintiff's claims.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE