IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHNATHAN D. WISHNESKI,

    Plaintiff,

v.  No. 12-cv-00540-JCH-CG

DR. JOSE ANDRADE,

    Defendants.

## ORDER

**THIS MATTER** comes before the Court on *Plaintiff's Motion to Strike and Seal All Records* ("Motion to Strike"), filed on December 6, 2012, (Doc. 37), and *Plaintiff's Addendum to Motion to Strike*, filed on December 7, 2012, (Doc. 38). In his filings, Plaintiff asks the Court to a) strike *Defendant Dr. Andrade's Motion for Summary Judgement* [sic] ("Motion for Summary Judgment"), (Doc. 33); b) seal all of Plaintiff's mental health records, "including those from case CV-08-348 MCA/WPL;" c) bar Defendant from raising Plaintiff's mental health in any future motions or proceedings; and d) asks to amend his complaint. (Doc. 37 at 2-3; Doc. 38 at 2). On December 13, 2012, *Plaintiff's Motion for Ruling* was filed; Plaintiff asks that the Court make a ruling on his Motion to Strike before he files a response to Defendant's Motion for Summary Judgment.

Plaintiff's request to strike the Defendant's motion for summary judgment is **MOOT**; the Court terminated that motion in an order filed on December 4, 2012. (Doc. 36). Plaintiff does not need to file a response to Defendant's Motion for Summary Judgment. Defendant must file a *Martinez* Report by January 4, 2013; Plaintiff's response to Defendant's *Martinez* Report is due by January 25, 2013.

Plaintiff's request to seal his medical records in this case, 12-cv-540 JCH/CG, including those related to his mental health, is well-taken and will be **GRANTED**.[1]

Plaintiff also requests that the Court bar Defendant from raising any issues concerning Plaintiff's mental health in any future motions or proceedings.  Plaintiff has brought claims against Defendant regarding his medical care which may implicate his mental health.  The Court has ordered a *Martinez* Report so as to have a comprehensive record upon which to evaluate the legal and factual bases of Plaintiff's claims.  (Doc. 36). Any evidence submitted with the *Martinez* Report and/or to support any future motions or proceedings will be reviewed for admissibility and relevancy under the Federal Rules of Evidence.  Plaintiff's request that the Court prevent Defendant from presenting any evidence concerning Plaintiff's mental health is **DENIED**.

Finally, Plaintiff requests that this Court grant him leave to amend his complaint to "include the improper release of mental health records, and add as a Defendant any party or parties responsible for overseeing the release of such information." (Doc. 38 at 3).  The Court construes this as a request to amend his complaint to include a claim under the Health Insurance Portability and Accountability Act ("HIPAA"). 42 U.S.C. §§ 1320d-5; 42 U.S.C. 1320d-6(a)(2) & (3) (2010).  HIPAA does not create a private cause of action for alleged disclosures of confidential medical information.  *Wilkerson v. Shineski*, 606 F.3d 1256, 1267 n.4 (10th Cir. 2012);.*Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006). Therefore, Plaintiff's requested amendment to his complaint does not identify a cause of action and is **DENIED**.

---

[1] To the extent that Plaintiff is requesting to seal the existing records in another case, Plaintiff must file a motion to do so in the other case.

**WHEREFORE IT IS ORDERED THAT**:

a) Plaintiff's Motion to Strike *Defendant Dr. Andrade's Motion for Summary Judgment* is **MOOT**;

b) Plaintiff's request to seal his medical records in this case is **GRANTED**;

c) Plaintiff's request that the Court bar Defendant from raising Plaintiff's mental health as an issue is **DENIED**;

d) Plaintiff's request to amend his complaint is **DENIED;** and

e) *Plaintiff's Motion for Ruling* is **GRANTED**.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE