IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHNATHAN D. WISHNESKI,

    Plaintiff,

v.                                                         No. 12-cv-00540-JCH-CG

DR. JOSE ANDRADE and
LIEUTENANT BUCKALOO,

    Defendants.

## ORDER ADOPTING MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on the United States Magistrate Judge's *Proposed Findings and Recommended Disposition* ("PFRD") filed on August 9, 2012, (Doc. 23), and *Plaintiff's Objections to Magistrate Judge's Proposed Findings and Recommended Disposition* ("Objections") filed on August 23, 2012, (Doc. 25).  After fully considering and analyzing Plaintiff's claims, the Magistrate Judge recommended that *Defendant "Lieutenant Buckaloo's" Motion for Summary Judgment and Memorandum of Law in Support*, (Doc. 2 at 82-91), be granted and that all claims against Defendant Buckelew be dismissed with prejudice.

Plaintiff has three objections to the Magistrate Judge's PFRD.  First, Plaintiff asserts that the Magistrate Judge misconstrued Plaintiff's claim that Defendant was indirectly responsible for the discontinuation of Plaintiff's medications.  After reviewing the PFRD and Plaintiff's *Answer to Defendant Buckelew's Motion for Summary Judgement* [sic], (Doc. 2 at 105, 107-09), the Court finds that the Magistrate Judge correctly understood and analyzed Plaintiff's claim and therefore, this objection is without merit.

Second, Plaintiff objects to the Magistrate Judge's conclusion that Defendant is not liable under the due process clause of the Fourteenth Amendment.  As discussed in the

PFRD, an allegation that prison officials have been deliberately indifferent to a prisoner's medical needs is reviewed under the Eighth Amendment, not the due process clause. *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996).  Thus, this objection is without merit.

With his third objection, Plaintiff asserts that Defendant was acting "under her individual [capacity]" and cannot defend her actions on the grounds that she acted according to her employer's policy.  (Doc. 25 at 5).  Plaintiff is correct that Defendant could be held liable in her personal capacity if her actions constituted a violation of Plaintiff's rights.  42 U.S.C. § 1983 (1996).  However, for the same reasons as the Magistrate Judge discussed in the PFRD, the Court finds that Defendant Buckelew did not violate Plaintiff's constitutional rights.

Having conducted a *de novo* review of the filings, the PFRD, and Plaintiff's objections, the Court will adopt the PFRD and overrule Plaintiff's objections.

**IT IS HEREBY ORDERED THAT:**

1) The Magistrate Judge's *Proposed Findings and Recommended Disposition* (Doc. 25) are **adopted**;

2) Defendant *"Lieutenant Buckaloo's" Motion for Summary Judgment and Memorandum of Law in Support* (Doc. 2 at 82-91) is **granted**; and

3) All claims against Defendant Buckelew are **dismissed with prejudice**.

                                            HONORABLE JUDITH C. HERRERA
                                            UNITED STATES DISTRICT JUDGE