IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHNATHAN D. WISHNESKI,

    Plaintiff,

v.                                  No. 12-cv-00540-JCH-CG

DR. JOSE ANDRADE,

    Defendants.

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on the United States Magistrate Judge's *Proposed Findings and Recommended Disposition* ("PFRD") filed on August 23, 2013, (Doc. 78); *Plaintiff's Appeal From Magistrate Judge Carmen Garza's Proposed Findings and Recommended Disposition* ("Objections"), filed on September 9, 2013, (Doc. 79); and *Defendant Dr. Andrade's Response to "Plaintiff's Appeal From Magistrate Judge Carmen Garza's Proposed Findings and Recommended Disposition"* ("Response"), filed on September 23, 2013, (Doc.80). After fully considering and analyzing Plaintiff's claims, the Magistrate Judge recommended that Defendant Andrade's Motion for Summary Judgment be granted and that all claims against Defendant Andrade be dismissed with prejudice.

Plaintiff has several objections to the Magistrate Judge's PFRD. First, Plaintiff asserts that the PFRD contains incorrect factual findings, such as mistakenly stating that the alleged MS Contin pills were found in a *tube* in his cell when they were in fact found in a *tub*. (Doc. 79 at 4-5). He also disputes the finding that MS Contin is a brand name for morphine and the characterization of Tramadol as an opiate. (Doc. 79 at 4, 7). Although Plaintiff objects to these factual findings, among others, he fails to explain how

these factual findings resulted in the erroneous application of law.  Thus, Plaintiff's objections to the factual findings in the PFRD are overruled.

Plaintiff also objects to Judge Garza's reliance on his medical records, particularly the document that notes that Plaintiff has a history of chemical dependence. (Doc. 79 at 3).  Plaintiff adamantly denies that he has a history of chemical dependence and states that he does not know how anyone "at that facility got any information like that." (Doc. 79 at 3).  Plaintiff does not contend that the record was not part of his medical file, only that it was incorrect.  Even if inaccurate, the medical records available to Defendant Andrade reflected that Plaintiff had a history of chemical dependence.  As Judge Garza found, Defendant did not commit a constitutional violation by considering these medical records while making decisions regarding Plaintiff's medical care and the discontinuation of Plaintiff's prescription for addictive pain medication.

In his Objections, Plaintiff raises several of the same arguments that he raised in his *Response to Martinez Report*, (Doc. 75), regarding his dissatisfaction with the effectiveness of the medications used to treat his pain after his prescription for MS Contin was discontinued.  (Doc. 79 at 8-10, 15).  As discussed in the PFRD, a prisoner who disagrees with a prescribed course of treatment does not state a constitutional violation.  *See Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir.1999). Similarly, Plaintiff's arguments that Defendant Andrade was deliberately indifferent because he knew that Plaintiff was in pain fall short of stating a constitutional violation. As discussed in the PFRD, Defendant Andrade prescribed a number of pain medications and repeatedly recommended that Plaintiff visit the orthopedic surgeon.

(Doc. 78 at 14). Defendant's conduct does not support the conclusion that he was deliberately indifferent to Plaintiff's medical needs.

Plaintiff argues that Defendant Andrade violated his due process rights by failing to: reinstate his MS Contin prescription after the disciplinary charges were dropped; verify that the pills found in Plaintiff's cell were MS Contin; and follow New Mexico Corrections Department policies regarding the disciplinary process. (Doc. 79 at 5-6, 8, 11-14). Plaintiff's arguments regarding his due process claims were thoroughly considered by Judge Garza in the PFRD. (Doc. 78 at 8 n.12). Plaintiff frames the discontinuation of his MS Contin prescription as a disciplinary action for which the prison must provide due process. However, Plaintiff's prescription was not discontinued as part of the prison's disciplinary process; his medical care provider determined that it was no longer an advisable course of treatment. As Judge Garza found, Plaintiff's claims regarding his medical care should be reviewed solely under the Eighth Amendment, see *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996); Plaintiff has not provided any legal authority to contradict this finding and his objections are overruled.

Finally, Plaintiff argues that Defendant Andrade violated the New Mexico Corrections Department policy regarding inmate statements. (Doc. 79 at 15). This policy states that an inmate making an allegation against another inmate "may be requested to be sworn by a notary public" and that if the information provided is proven to be false, the inmate may be charged with a major offense. (Doc. 1-2 at 14-15). Plaintiff implies that Defendant Andrade violated this policy because he may have relied on information that was provided by an inmate who did not submit a sworn statement in writing. (Doc. 79 at 15; Doc. 75 at 11). The policy is designed to inform inmates of the

consequences they might face if they make false reports and is silent as to whether a medical care provider can use the information provided by an inmate to guide his decisions about an inmate's medical care.  Moreover, the policy does not require an inmate to be sworn by a notary or submit a written statement, it states that an inmate "*may* be requested to be sworn." (Doc. 1-2 at 15) (emphasis added).  Nothing in the record suggests that Defendant Andrade violated this policy when he relied on the reports from other inmates that Plaintiff was selling his MS Contin.

Having conducted a *de novo* review of the filings, the PFRD, and Plaintiff's objections, the Court adopts the PFRD and overrules Plaintiff's objections.

**IT IS HEREBY ORDERED THAT:**

1) The Magistrate Judge's *Proposed Findings and Recommended Disposition* (Doc. 78) are **ADOPTED**;

2) *Defendant Dr. Andrade's Martinez Report,* construed as a Motion for Summary Judgment*,* (Doc. 44) is **GRANTED**; and

3) All claims against Defendant Andrade are **DISMISSED WITH PREJUDICE**.

_____
HONORABLE JUDITH C. HERRERA
UNITED STATES DISTRICT JUDGE